**David W. Cantrill**
**ISB #1291**
**Daniel J. Skinner**
**ISB #7225**
**CANTRILL SKINNER LEWIS CASEY & SORENSEN, LLP**
1423 Tyrell Lane
P. O. Box 359
Boise, Idaho  83701
Telephone:  (208) 344-8035
Facsimile:  (208) 345-7212

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR DECLARATORY |
| vs. | ) | RELIEF |
| | ) | |
| IDAHO STONE LTD. COMPANY, an | ) | |
| Idaho Limited Liability Company, TYLER | ) | |
| CAMPBELL, an individual, ESTATE OF | ) | |
| ARTHUR ZOTTARELLI, REBECCA | ) | |
| ZOTTARELLI, individually, as surviving | ) | |
| spouse of Arthur Zottarelli, REBECCA | ) | |
| ZOTTARELLI, individually and on behalf | ) | |
| of her minor children R.Z. and M.Z., A.Z., | ) | |
| A.R., M.R., PAULA M. SWENSON, an | ) | |
| individual, KENNETH L. HERMAN, an | ) | |
| individual, DOES I through X, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW, Plaintiff, Farmers Insurance Exchange, by and through their attorneys of record, Cantrill Skinner Lewis Casey & Sorensen, LLP, for a cause of action against the Defendants complains and alleges as follows:

## PARTIES AND JURISDICTION

### I.

Plaintiff, Farmers Insurance Exchange is an inter-insurance exchange organized pursuant to the laws of the State of California with its principle place of business in Los Angeles, California.

### II.

Farmers Insurance Exchange is authorized to sell insurance within the State of Idaho.

### III.

Defendant Idaho Stone Ltd. Company is an Idaho limited liability company and previously purchased a Businessowners Liability Coverage Form, policy #75-0604804402 with effective dates of 3-12-12 through 3-12-13, from Farmers Insurance Exchange.

### IV.

Defendant, Paula M. Swenson, at the time of the incident which forms the basis of this Declaratory Judgment action is alleged to be the sole member of Defendant Idaho Stone Ltd. Company.  Paula M. Swenson at all times hereto was a resident of the State of Idaho.

### V.

Defendant, Paula M. Swenson, at the time of the incident which forms the basis of this Declaratory Judgment action is alleged to be an owner of the 1994 Ford F250, Idaho license plate no. 1AH861T, registered to Paula Swenson and Kenneth Herman.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

VI.

Defendant Kenneth L. Herman, at the time of the incident which forms the basis of this Declaratory Judgment action is alleged to be an owner of the 1994 Ford F250, Idaho license plate no. 1AH861T, registered to Paula Swenson and Kenneth Herman.  Kenneth Herman at all times hereto was a resident of the State of Idaho.

VII.

Defendant Tyler Campbell, at the time of the incident which forms the basis of this Declaratory Judgment action is alleged to be an employee of Idaho Stone Ltd. Company acting within the course and scope of his employment.  Tyler Campbell at all times hereto was a resident of the State of Idaho.

VIII.

Defendant Tyler Campbell, at the time of the incident which forms the basis of this Declaratory Judgment action was driving the 1994 Ford F250, Idaho license plate no. 1AH861T, registered to Paula Swenson and Kenneth Herman within the course and scope of his employment.

IX.

Defendants Rebecca Zottarelli, Ramey Zottarelli and Megan Zottarelli, A.Z., A.R., and M.R., are believed to be residents of Eagle, Ada County, Idaho.

X.

The Estate of Arthur P. Zottarelli is an interested party to this litigation.  At all times hereto Arthur P. Zotterelli was a resident of the State of Idaho.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

XI.

Does I – X are unknown to Plaintiff at this time and will be identified upon discovery.

XII.

The amount in controversy in this suit, exclusive of interest and costs, is over $75,000.00.

XIII.

Jurisdiction is proper in the court under 28 U.S.C. §1332 and this action seeks a declaratory judgment pursuant to 28 U.S.C. §2201.

## FACTS

XIV.

The allegations at issue in this claim are that on or about August 27, 2012, Tyler Campbell, while driving a 1994 Ford F250, Idaho license plate no. 1AH861T, registered to Paula Swenson and Kenneth Herman within the course and scope of his employment, struck a motorcycle operated by Arthur P. Zottarelli, causing Arthur P. Zottarelli's death.

XV.

Defendant Idaho Stone Ltd. Company has tendered claim of the Estate of Arthur P. Zottarelli under the Businessowners Liability Coverage Form, policy #75-0604804402 and Farmers Insurance Exchange has denied the claim. Defendant Idaho Stone Company and Paula Swenson and Kenneth Herman have tendered claim of the above-mentioned lawsuit under the Businessowners Liability Coverage Form Policy # 75-0604804402 and Farmers Insurance Company has denied the claim.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

## COUNT ONE

### XVI.

The allegations in paragraphs I through XV are re-alleged and incorporated in this Count as though fully set forth herein.

### XVII.

The Farmers Insurance Exchange policy in force at the time of this incidence which insured Idaho Stone Ltd. Company, reads as follows:

**A.**     **Coverages**

**1.**     **Business Liability**

   **a**.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies.  We Will have the right and duty to defend the insured against any "suit" seeking those damages.  However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   **b.**     This insurance applies:

   **(1)**     To "bodily injury" and "property damage" only if:

   **(a)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   **(b)**     The "bodily injury" or "property damage" occurs during the policy period.

   **(2)**     To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

COMPLAINT FOR DECLARATORY JUDGMENT - 5

*\*\**

The terms in quotations cited in this coverage discussion have specific meaning within the **Businessowners Liability Coverage Form (BP 00 06 01 97).** Those most applicable to this Coverage discussion are listed below.

F.    **Liability and Medical Expenses Definitions**

2.    "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3.    "Bodily injury" means bodily injury, sickness or disease caused by an "occurrence" including death resulting from such bodily injury.

5.    "Employee" includes a "leased worker". Employee does not include a "temporary worker".

12.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in "bodily injury" or "property damage" that firs occurs during the policy period and is neither expected nor intended by any "insured". "Bodily injury" and "property damage" first occurs during the policy period only if:

a.    The "bodily injury" or "property damage" is first sustained by a person or entity during the policy period as the direct result of an accident that first occurs during the policy period; and/or

b.    The "bodily injury" or "property damage" actually is, or reasonably should be, first apparent during the policy period to any "insured", additional insured, or any "claimant".

"Occurrence" does not include:

a.    Any accident, accidentally caused condition or continuous or repeated exposure to the same general harmful conditions that first occurs before the start of the policy period, or first occurs after the end of the policy period.

b.    "Bodily injury" or "property damage" that arises out of or is a result of any breach of a written or oral contract, or any breach of an express or implied warranty. This does not apply to liability for damages:

COMPLAINT FOR DECLARATORY JUDGMENT - 6

1)     Assumed in a contract or agreement that is an insured contract; or

2)     That the insured would have had in the absence of the contract or agreement.

13.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.     False arrest, detention or imprisonment;

b.     Malicious prosecution;

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.     Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication of material that violates a person's right or privacy;

f.     The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15.     "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property which first occurs during the policy period. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured provided such loss of use is caused by an "occurrence" that first takes place during the policy period. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16.     "Suit" means a civil proceeding in which damages because of "bodily

COMPLAINT FOR DECLARATORY JUDGMENT - 7

Injury", "property damage", "personal injury" or "advertising injury" to Which this insurance applies are alleged.  "Suit" includes:

**a.**   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**   Any other alternative dispute resolution proceeding in which such damages are claimed an to which the insured submits with our consent.

**20.**   "Claimant" means a person or entity who makes a claim or brings a "suit" Against any "insured" or additional insured.

\*\*\*

The coverage provided by the **Businessowners Liability Coverage Form (BP 00 06 01 97)** is subject to a number of exclusions found both within the body of the policy as well as by attached endorsement.  Those exclusions within the policy most applicable to this coverage discussion are as follows, in relevant part:

**B.**   **Exclusions**

    **1.**   **Applicable To Business Liability Coverage**

        This insurance does not apply to:

        **g.**   **Aircraft, Auto or Watercraft**

            "Bodily injury" or "property damage" arising out of the ownership, Maintenance, use or entrustment to others of any aircraft, "auto" or Watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

        This exclusion does not apply to:

        **(1)**   A watercraft while ashore on premises you own or rent;

        **(2)**   A watercraft you do not own that is:

            **(a)**   Less than 26 feet long; and

            **(b)**   Not being used to carry persons or property for a Charge;

COMPLAINT FOR DECLARATORY JUDGMENT - 8

(3)    Parking an "auto" on, or on the ways next to, premises you Own or rent, provide the "auto" is not owned by or rented or Loaned to you or the insured;

(4)    Liability assumed under any "insured contract" for the Ownership, maintenance or use of aircraft or watercraft; or

(5)    "Bodily injury" or "property damage" arising out of the Operation of any of the following equipment:

    (a)    Cherry pickers and similar devised mounted on automobile or truck chassis and used to raise or lower workers; and

    (b)    Air compressors, pumps and generators, including Spraying, welding, building cleaning, geophysical Exploration, lighting and well servicing equipment.

\*\*\*

The coverage provide by the **Businessowners Liability Coverage Form (BP 00 06 01 97)** applies Only to the Named Insured(s) listed in the Declarations (the "you" referred to in the policy), and Those persons or organizations who qualify as insureds under section **C – Who is an Insured,** as Follows, in relevant part:

**C.**    **Who Is an Insured**

**1.**    If you are designated in the Declarations as:

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as Your managers.

**2.**    Each of the following is also an insured:

    **a.**    Your "employees" other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your mangers (sic) (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\*\*\*

COMPLAINT FOR DECLARATORY JUDGMENT - 9

XVIII.

An actual controversy exists between the parties as to the applicability of the insurance policy aforementioned.

XIX.

On August 15, 2013, a l lawsuit was filed in the Fourth Judicial District in and for the County of Ada and titled Rebecca Zottarelli, individually as surviving spouse of Arthur Zottarelli deceased and the personal representative of the heirs of Arthur Zottarelli deceased v. Tyler Campbell, Idaho Stone, limited company and Idaho limited liability company, Paula Swenson and Kenneth Herman, Case NO. CV-OC-2013-14508 alleging :

Plaintiff Rebecca Zottarelli is the surviving spouse of Arthus Zottarelli, deceased, who was killed in the motorcycle/vehicle accident, which is the subject of this Complaint, on August 27, 2012, in Ada County, Idaho.  Plaintiff Rebecca Zottarelli also brings this wrongful death action as the Personal Representative of the Heirs of Arthur Zottarelli pursuant to Idaho Code §5-311.  In addition to the Plaintiff, the Heirs of Arthur Zottarelli are R.Z. and M.Z., the natural children of Plaintiff and Arthur Zottarelli, A.Z. and A.R., the natural children of Arthur Zottarelli, and M.R., stepson of Arthur Zottarelli and natural son of Plaintiff Rebecca Zottarelli.

At all times relevant hereto, Arthur Zottarelli was the owner and operator of a 2004 Harley-Davidson motorcycle, State of Idaho License Plate No. MSX314 (the "Zottarelli motorcycle").

At all times relevant hereto, Defendant Campbell was the operator of a 1994 Ford F250 pickup truck, purportedly registered to Defendant Herman, but used in the business of Defendant Idaho Stone.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

At all times relevant hereto Defendant Campbell was operating the pickup truck within the course and scope of his employment for Defendant Idaho Stone and with the express and/or implied permission of Defendant Idaho Stone and/or Defendant Herman.

On August 27, 2012, at or near 7:23 a.m., decedent Arthur Zottarelli was driving the Zottarelli motorcycle in the westbound lane of traffic on State Highway 44/State Street near a gas station and convenience store known as Shady Acres, which is adjacent to and north of the highway.  On August 27, 2012, Defendant Campbell was traveling in the eastbound lane of State Highway 44/State Street near the Shady Acres gas and convenience store.  Defendant Campbell wanted to stop at the Shady Acres and immediately before the collision turned the pickup truck he was driving to the left across and into the path of Arthur Zottarelli enter the Shady Acres gas and convenience store.  In doing so, defendant Campbell crossed the westbound lane of traffic immediately in front of Arthur Zottarelli and the Zottarelli motorcycle and negligently, recklessly, carelessly and unlawfully drove the pickup truck into the path of the Zottarelli motorcycle.  Arthur Zottarelli had no opportunity to avoid the collision between the Zottarelli motorcycle and the pickup truck, and the pickup truck and the Zottarelli motorcycle collided, fatally injuring Arthur Zottarelli and causing his death at the scene of the accident.

At all times relevant hereto, Defendant Campbell operated the pickup truck in a negligent, reckless, careless and unlawful manner without regard for the safety of other motorists, including Arthur Zottarrelli, lawfully traveling on State Highway 44/State Street in the opposite direction.

At all times relevant hereto, Defendant Campbell owed a duty to the public, including Arthur Zottarelli, to operate his vehicle in a lawful, safe reasonable and prudent manner.

At all times relevant hereto, Defendant Campbell breached his duty of reasonable care,

COMPLAINT FOR DECLARATORY JUDGMENT - 11

specifically by:

    a.      Failing to operate the pickup truck in a lawful, safe, reasonable and prudent manner under the circumstances then and there existing;

    b.      Failing to keep a proper lookout for oncoming traffic before attempting to turn left from the eastbound lane of the highway across the westbound lane of the highway;

    c.      Failing to exercise due and reasonable care, and recklessly driving into the path of oncoming westbound traffic;

    d.      Failing to stop and yield to oncoming traffic, including Arthur Zottarelli, prior to attempting a left-hand turn into the Shady Acres gas and convenience store from the eastbound lane across the westbound lane on State Highway 44/State Street; and

    e.      Being otherwise inattentive and reckless in his driving and observation of other vehicles and oncoming traffic, including the motorcycle operated by the deceased Arthur Zottarelli.

The negligent, reckless, careless and/or unlawful acts and/or omissions of Defendant Campbell were the proximate cause of the collision between the Zottarelli motorcycle and the pickup truck. Consequently, the negligent, reckless, careless and/or unlawful acts and/or omissions of Defendant Campbell were the proximate cause of the death of Arthur Zottarelli and the damages to Plaintiff and the Heirs as alleged herein.

As a consequence of the wrongful death of Arthur Zottarelli, Plaintiff Zottarelli has sustained damages for funeral expense and the loss of Arthur Zottarelli's past and future income and financial contributions to the marital community of Arthur Zottarelli and Plaintiff Zottarelli. In addition, Plaintiff Zottarelli and the heirs of Arthur Zottarelli have lost the love,

COMPLAINT FOR DECLARATORY JUDGMENT - 12

companionship and society of Arthur Zottarelli and the Heirs have further lost and been damaged by the loss of financial contributions to them from Arthur Zottarelli. Further, the negligence of the defendants has proximately caused Plaintiff Zottarelli emotional distress.

At or immediately prior to the subject motor vehicle/motorcycle accident, Defendant Campbell negligently, recklessly, carelessly and unlawfully operated the pickup truck without due caution and this violated Idaho Code § 49-1401(1), which conduct on the part of Defendant Campbell constitutes negligence per se.

At or immediately prior to the subject motor vehicle/motorcycle accident, Defendant Campbell negligently, recklessly, carelessly and unlawfully operated the pickup truck by improperly and unlawfully making a left-hand turn across the westbound lane of traffic immediately in front of Arthur Zottarelli and the Zottarelli motorcycle and thus violated Idaho Code § § 49-641 and 49-637, which constitutes negligence per se.

Following the accident and the death of Arthur Zollarelli, Defendant Campbell was charged with and pled guilty to vehicular manslaughter of Arthur Zottarelli. Vehicular manslaughter is defined in Idaho Code § 18-4006(3). Such conduct of Defendant Campbell and the plea of guilty to such charge constitutes an admission of negligence, reckless conduct, and/or gross negligence, per se.

At all times relevant herein, Defendant Campbell was acting within the course and scope of his employment with Defendant Idaho Stone and/or operating the pickup truck with the express or implied permission of Defendant Idaho Stone, Defendant Swenson and/or Defendant Herman.

At all times relevant herein, the pickup truck driven by Defendant Campbell was used in

COMPLAINT FOR DECLARATORY JUDGMENT - 13

the business of Defendant Idaho Stone and/or was a replacement and/or substitute vehicle used by Defendant Idaho Stone, its principles and employees in the business of Defendant Idaho Stone.

By virtue of the doctrine of respondeat superior and vicarious liability, Defendant Idaho Stone is liable for the negligent, reckless, careless and/or unlawful acts and/or omissions of its employee Defendant Campbell, which acts and/or omissions were the proximate cause of the wrongful death of Arthur Zottarelli and Plaintiff Zottarelli and the Heirs' damages.

Defendant Idaho Stone and Defendants Swenson and/or Herman were negligent in the hiring, training and supervision of employee Defendant Campbell.  Such negligence of Defendant Idaho Stone, Defendant Swenson and/or Defendant Herman was a proximate cause of the accident and wrongful death of Arthur Zottarelli and the damages to Plaintiff as herein alleged.

Defendant Idaho Stone, Defendant Swenson and/or Defendant Herman knew or should have known of Defendant Campbell's prior driving records and that Defendant Campbell was an unreasonable risk of harm to other son the roads and highways.  Defendants Idaho Stone, Swenson and/or Herman negligently and recklessly entrusted the pickup truck to Defendant Campbell whose negligence and reckless conduct caused the accident and the wrongful death of Arthur Zottarelli and all Defendants' negligence and reckless conduct was the proximate cause of the wrongful death of Arthur Zottarelli and the damages to Plaintiff Zottarelli and the Heirs as herein alleged.

The conduct of Defendants was not only negligent and fell below the applicable standard of care required of Defendants, but the conduct of Defendants constitutes willful or reckless

COMPLAINT FOR DECLARATORY JUDGMENT - 14

misconduct, and thus Plaintiff Zottarelli and the Heirs hereby give notice of the intent to seek a finding in this case of willful or reckless misconduct for all purposed under Idaho law, including, without limitation, for the purpose of rendering any statutory caps or noneconomic damages under Idaho Code § 6-1603 inapplicable.

## COUNT TWO

### XX.

The allegations in paragraphs I through XVIII are re-alleged and incorporated in this Count as though fully set forth herein.

### XXI.

An actual controversy exists over whether the language of the contract extends coverage to the actions of an employee of Idaho Stone Ltd. Company driving a vehicle that was not owned by Idaho Stone Ltd. Company.

### XXII.

The language of the insuring contract is specific to providing coverage, with very limited exceptions, to the insured's business activities.

### XXIII.

As shown in paragraph XVII above, the policy language does not include coverage for claims arising out of the use or entrustment of any auto owned or operated by any insured.

### XXIV.

The definition of "Business" within the contract is a defined term.  It does not provide for coverage for activities taken by parties other than the insured.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

XXV.

As the 1994 Ford F250, Idaho license plate no. 1AH861T, registered to Paula Swenson and Kenneth Herman was not owned by Idaho Stone Ltd. Company, there is no coverage for the acts of the employee, insured Tyler Campbell.

## COUNT THREE

XXVI.

The allegations in paragraphs I through XXIV are re-alleged and incorporated in this Count as though fully set forth herein.

XXVII.

Farmers Insurance Exchange reserves the right to amend, add, or delete causes of action in this complaint based upon disclosures made through discovery in this matter or any other proceeding that may arise from the underlying facts herein.

XXVIII

## Declaratory Relief Regarding the Duty to Indemnify

Plaintiff incorporates all of the allegations in the previous paragraphs.   Plaintiff is informed and believes that the Defendants contend that Farmers Insurance Exchange has a duty to indemnify Defendant's Idaho Stone Company, Tyler Campbell, Paula Swenson and Kenneth Herman in the event a judgment is rendered against them.

## XXIX

Plaintiff contends that Farmers owes no duty to indemnify Idaho Stone Company, Tyler Campbell, Paula Swenson and Kenneth Herman should any other action be filed because under the Farmer's policy claims in the underlying action do not fall within the scope of coverage

COMPLAINT FOR DECLARATORY JUDGMENT - 16

afforded by the Farmers policy.  In addition, the policy provisions and exclusions in the Farmers policy preclude coverage for any underlying action that may be filed.

XXX

Plaintiff desires a judicial determination of Farmers rights and duties and particular declaration that Farmers owes no duty to indemnify for any settlement or judgment reached should a lawsuit against those individuals be filed.

XXXI

**Declaratory Relief regarding the Duty to Defend**

Plaintiff incorporates all of the allegations in the previous paragraphs.  Plaintiff is informed and believes and therefor alleges that the Defendants contend that Farmers Insurance Exchange has a duty to defend them in the underlying action under the Farmers Policy.

XXXII

Plaintiff contends that Farmers Insurance Exchange owes no duty to defend the Defendants because the allegations in the underlying action do not fall within the coverage afforded by the Farmers Insurance Exchange policy.  Moreover, Farmers Insurance Exchange does not have a duty to defend because exclusions in the policy eliminate any duty to defend.

XXXIII

A judicial declaration is necessary and appropriate at this time so that Farmers may ascertain its rights and duties.

**PRAYER FOR RELIEF**

WHEREAS, Plaintiff prays for judgment against the Defendants as follows:

1.      That this Court declare that the coverage provisions of Farmers Insurance

COMPLAINT FOR DECLARATORY JUDGMENT - 17

Exchange policy do not provide a duty to defend or indemnify Idaho Stone Ltd. Company because of the exclusions previously outlined;

2.     That this Court declare that the Plaintiff has no duty to indemnify Idaho Stone Ltd. Company against any claims made because the claims do not present any covered claim or suit under the policy.

3.     That this Court declare that the Plaintiff has no duty to defend Idaho Stone Ltd. Company against any claims made.

4.     That this Court allow the Plaintiff to amend, add or delete causes of action in this complaint with notice prior to adjudication based on disclosures made through discovery in this matter and in any lawsuit filed relating to any proceeding that may arise from the underlying facts herein; and

5.     For such costs and expenses and further relief as the Court deems just.

DATED This ___3rd___ day of September, 2013.

CANTRILL SKINNER LEWIS CASEY & SORENSEN, LLP

By: _____
David W. Cantrill, Of the Firm
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT - 18